IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Carlos Estaban Molina-Figueroa, | ) | Case No.: 2:21-cv-03681-JD-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Warden, F.C.I. Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Mary Gordon Baker ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Petitioner Carlos Estaban Molina-Figueroa ("Figueroa" or "Petitioner"), proceeding *pro se*, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 seeking to remedy an alleged denial of due process which occurred at Federal Correctional Institution (FCI), Edgefield, South Carolina. (DE 1.)

On February 2, 2022, Respondent, S. Janson, Warden FCI, Edgefield ("Janson" or "Respondent") filed a Motion for Summary Judgment (DE 9) alleging among other reasons that,

> [w]hile 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, the Fourth Circuit follows the well-established rule that a federal prisoner bringing a claim under 28 U.S.C. § 2241 must first exhaust administrative remedies before seeking review in federal court. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) (unpublished) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)).

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(DE 9.)  The next day, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  (DE 10.)  Petitioner's response was due on March 7, 2022.  (Id.)

On March 18, 2022, the Court issued an Order extending the deadline for Petitioner to file a response to the Motion for Summary Judgment to April 1, 2022.  (DE 12.)  Petitioner was specifically advised that if he failed to respond, this action could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Id.)  Petitioner failed to respond to Respondent's Motion by the April 1, 2022, deadline.  As such, the Magistrate entered a Report and Recommendation recommending that Petitioner's action be dismissed with prejudice for lack of prosecution and failure to comply with the Court's Orders.  (DE 14.)

The Report and Recommendation was issued on April 5, 2022, recommending that the action be dismissed with prejudice for lack of prosecution and for failure to comply with the Court's Orders.  (DE 14.)  The Report noted that the recommendation was being made pursuant to the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)[2] and citing Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).  In Ballard, the Fourth Circuit affirmed the District Court's dismissal of plaintiff's case notwithstanding the four factors discussed in Chandler finding:

> Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant.  See Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986) (noting importance of warning prior to dismissal); Davis, 588 F.2d at 71 (same).  The warning itself was reasonable as the

---

[2]     See Chandler, 669 F.2d at 920 ("In reviewing such a dismissal, we must ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal.")

> case had been pending for a year with no clarification of the charges against several defendants. In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse.

Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989). Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, to include Respondent's Summary Judgment Motion's grounds asserting Petitioner's failure to exhaust his administrative remedies, the Court adopts the Report and Recommendation as modified herein and incorporates it herein by reference.

It is, therefore, **ORDERED** that Figueroa's Petition (DE 1) is dismissed without prejudice for lack of prosecution and for failure to comply with this Court's Orders, and Petitioner's pending Motion for Summary Judgment (DE 16) is denied as moot.

**IT IS SO ORDERED.**

                                                    _____
                                                    Joseph Dawson, III
                                                    United States District Judge

May 3, 2022
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.